ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ARMIDA GARCIA, MARIA DEL §
REFUGIO AROS, LESLY CASTEJON, §
SHEILA CASTRO, ROSALVA GARCIA, §
SONIA GARCIA, MARIA ELENA §
MARTINEZ, MARINA MONTESINO, §
MARIA PANIAGUA, Individually and On §
Behalf of All Others Similarly Situated, §
§
§
§
Plaintiffs, §
§
v. §
§
ATAM MAC INC. dba MAID BRIGADE §
and ANGELA D. McCALL, §
§
§
Defendants. §

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 2 5 2008
CLERK, U.S. DISTRICT COURT
By_____
Deputy

Civil Action No. 3-08CV1494-N
Collective Action Complaint
Jury Demanded

**PLAINTIFFS' ORIGINAL COMPLAINT – COLLECTIVE ACTION FOR MINIMUM WAGE AND OVERTIME AND INDIVIDUAL ACTIONS FOR RETALIATION**

Plaintiffs Armida Garcia, Maria del Refugio Aros, Lesly Castejon, Sheila Castro, Rosalva Garcia, Sonia Garcia, Maria Elena Martinez, Martina Montesino, Maria Paniagua ("Plaintiffs") Individually and On Behalf of All Others Similarly Situated ("Plaintiffs" and "Class Members" herein), bring this cause to recover unpaid minimum wage and overtime wages from Defendants ATAM MAC, Inc. dba Maid Brigade and Angela D. McCall ("Defendants") and respectfully show the Court as follows:

## I.     Nature of Suit

1.     Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 200 *et seq* by paying Plaintiffs at an hourly rate less than the applicable federal minimum wage of $5.15 per hour before July 24, 2007 and $5.85 per hour after that date and by failing to compensate

Plaintiffs at time and one half their regular rate for hours worked in excess of forty hours per week. Accordingly, Plaintiffs brings this action to recover unpaid minimum wage and overtime compensation under Section 216(b) of the FLSA.

## II.     The Parties

2.     Plaintiff Armida Garcia is a resident of Collin County, Texas.  Her written consent to this action is attached as Exhibit "A".

3.     Plaintiff Maria de Refugio Aros is a resident of Dallas County, Texas.  Her written consent to this action is attached as Exhibit "B".

4.     Plaintiff Lesly Castejon is a resident of Collin County, Texas.  Her written consent to this action is attached as Exhibit "C".

5.     Plaintiff Sheila Castro is a resident of Dallas County, Texas.  Her written consent to this action is attached as Exhibit "D".

6.     Plaintiff Rosalva Garcia is a resident of Dallas County, Texas.  Her written consent to this action is attached as Exhibit "E".

7.     Plaintiff Sonia Garcia is a resident of Dallas County, Texas.  Her written consent to this action is attached as Exhibit "F".

8.     Plaintiff Maria Elena Martinez is a resident of Dallas County, Texas.  Her written consent to this action is attached as Exhibit "G".

9.     Plaintiff Marina Montesino is a resident of Collin County, Texas.  Her written consent to this action is attached as Exhibit "H".

10.     Plaintiff Maria Paniagua is a resident of Collin County, Texas.  Her written consent to this action is attached as Exhibit "I".

11.     Plaintiff Maria Paniagua is a resident of Collin County, Texas.  Her written consent to this action is attached as Exhibit "J".

12.     The Plaintiffs and Class Members are all of Defendants' current and former staff who were employed as housekeeping laborers.

13.     Defendant AMAC Inc., dba Maid Brigade ("Maid Brigade") is a corporation organized under the laws of the State of Texas with its principal place of business located at 910 East 18th Street, Suite A, Plano, Texas 75074.  Defendant Maid Brigade may be served with process by serving its registered agent Angela D. McCall at 910 East 18th Street, Suite A, Plano, Texas 75074.

14.     Defendant Angela D. McCall, an individual, is the President of Maid Brigade who resides in Texas, and whose primary place of business is located at 910 East 18th Street, Suite A, Plano, Texas 75074, and is an employer within the meaning of the FLSA, as she acts directly or indirectly in the interest of Maid Brigade, in relation to Plaintiffs, and has economic and operational control over Maid Brigade and its business in Texas.  Defendant McCall may be served by serving her at 910 East 18th Street, Suite A, Plano, Texas 75074 or wherever she may be found.

### III.     Jurisdiction

15.     The Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b).

16.     Plaintiffs' claims arise under Section 6(a), 7(a)(1), 15 and 16 of the FLSA.  29 U.S.C. §§ 206(a), 207(a)(1), 215 and 216.  In connection with the acts and courses of conduct alleged herein, Plaintiffs engaged in commerce or in the production of goods for commerce.

Further, Defendants are employers who engage in commerce or the production of goods for commerce and, are therefore, governed by the FLSA.

### IV.   Venue

17.     Venue is appropriate in the United States District Court for the Northern District of Texas, Dallas Division, because Defendant has significant contacts with this district and the events that give rise to this cause of action occurred in this district.

### V.   Defendants Are Covered by FLSA

18.     Defendants are employers within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.     At all material times, Defendants have been an enterprise within the meaning of § 3(r) of the FLSA, 29 U.S.C. 203(r).

20.     At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § (s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) because they have had employees engaged in commerce or in the production of goods for commerce, or have employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person and Defendants are an enterprise whose annual gross sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). 29 U.S.C. § 203(s)(1).

21.     At all material times, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.     Facts

### A.     Factual Background

22.     Maid Brigade is a maid service company that offers housekeeping services in Dallas, Plano, Richardson, Frisco, and Irving, Texas.  Defendants employ laborers to perform housekeeping services for its clients.  Maid Brigade pays its laborers a percentage of a portion of the fee that it collected from its clients.

23.     Plaintiffs were Defendants' full-time, non-exempt employees and were paid weekly salaries that were less than the federally-mandated minimum wage.  As housekeeping laborers, Plaintiffs were regularly required to work over forty (40) hours per week.

24.     As non-exempt employees, Plaintiffs were entitled to be paid at a rate of at least $5.15 per hour before July 24, 2007 and $5.85 per hour after that date and overtime pay of one and a half their hourly rate.  Plaintiffs were not compensated at the federally-mandated minimum wage or for hours worked in excess of forty hours at one and a half times their regular rate. Instead, Plaintiffs were paid a portion of the fee that Maid Brigade collected from its clients for its cleaning services.  Defendants violated the FLSA by engaging in an illegal pattern or practice of failing to pay Plaintiffs at the federally-mandated minimum wage and at time and one half for overtime hours.

25.     No exemption excuses Defendants from paying Plaintiffs minimum wage and at a rate of time and one-half for the hours that they worked over forty (40) hours per week nor have Defendants made a good faith effort to comply with the FLSA.  Rather, Defendants knowingly, willfully or with reckless disregard carried out their illegal pattern or practice of paying Plaintiffs less than minimum wage and failing to pay time and a half for hours worked in excess of forty (40) hours per week.

**B.     Collective Action Allegations**

26.     Plaintiffs have actual knowledge that Class Members have not been paid the federally-mandated minimum wage and have been denied overtime pay for hours worked over forty (40) hours in a week.

27.     Defendants permit, and/or require Plaintiffs and Class Members to regularly work in excess of forty (40) hours per week.  Defendants have denied Plaintiffs and Class Members compensation for their hours worked over forty (40).

28.     Plaintiffs and Class Members perform the same or similar work in the provision of services to Defendants' clients.

29.     The Class Members are similar to Plaintiffs in the receipt of less than the federally-mandated hourly minimum wage and the denial of overtime pay when required to work over forty hours in a workweek.

30.     Defendants' failure to pay minimum wage and/or overtime compensation at the rates required by the FLSA results from generally applicable polices or practices and do not depend on the personal circumstances of Plaintiffs or the Class Members.

31.     Plaintiffs' experiences are typical of the experience of Class Members.

32.     Class Members do not have specific job titles or hold a precise job that prevents collective treatment.

33.     All Class Members, irrespective of their particular job requirements, are entitled to be compensated at minimum wage and are entitled to overtime compensation for hours worked in excess of forty during a workweek.

34.     Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

35.     As such, the class of similarly situated Plaintiffs is properly defined as follows:

All of Defendants' current and former housekeeping laborers
working between August 11, 2005 to the present.

## VII.     Causes of Action

**A.     Collective Action for Violation of FLSA—Failure to Pay Minimum Wage and Overtime**

14.     Plaintiffs incorporate herein by reference all allegations contained in the above paragraphs.

15.     Defendants violated the provisions of Section 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206, 215(a)(2), by employing Plaintiffs and Class Members at an hourly rate less than the applicable federal minimum wage.

16.     Defendants violated the provisions of Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing Plaintiffs and Class Members for workweeks longer than forty (40) hours, without compensating them for their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

17.     Defendants did not adequately keep track of Plaintiffs' and Class Members' work hours, even though Plaintiffs and Class Members were non-exempt employees for overtime purposes as outlined under the FLSA.

18.     Plaintiffs and Class members have been damaged by these violations of 29 U.S.C. 207(a).

19.     Defendants' violations of U.S.C. 207(a) were repeated, willful and intentional.

20.     Defendants violated the monetary provisions of the FLSA, as alleged herein and as a result, Plaintiffs and Class Members are entitled to recover unpaid minimum wage and

overtime compensation and an equal amount in liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

21.     Plaintiffs and Class Members are also entitled to recover their reasonable attorneys' fees and costs of this action as, provided by Section 15 of the Act, 29 U.S.C. § 215(b).

**B.     Violation of FLSA—Retaliatory Discharge**

22.     Plaintiffs re-allege and incorporate by reference the facts as set forth above.

23.     Prior to Plaintiffs' termination, Plaintiffs had no performance issues and nothing was brought to their attention that would warrant their termination. Defendants terminated Plaintiffs for asking for additional compensation for the amount of hours they worked and for complaining about how they were paid.

24.     Defendants' unlawful retaliation against Plaintiffs violated Section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), which makes it unlawful to discharge or discriminate against any employee because that person has filed a complaint or initiated or cause to be instituted any proceeding relating to the FLSA.

## XIII.   Demand for Jury Trial

25.     Plaintiffs assert their right under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## IX.   Prayer

26.     Wherefore, Plaintiffs respectfully requests judgment to be entered in their favor and that the Court enter an order:

       a.     Finding Defendants liable for unpaid minimum wage and overtime compensation found by the Court to be due Plaintiffs and the Class Members;

b.      Finding Defendants liable for an equal amount as liquidated damages;

c.      Reasonable attorneys' fees, costs, and expenses of this action; and

d.      Such other and further relief as may be allowed at law and in equity.

Respectfully submitted,

s/Maricela Siewczynski
Maricela Siewczynski
Texas Bar No. 24032753
Aaron Ramirez
Texas Bar No. 24027644

Ramirez Siewczynski Law Firm PLLC
6318 Gaston Avenue, Ste. 201
Dallas, Texas 75214
Telephone: (214) 634-9990
Facsimile:  (214) 634-9991
Electronic mail:  maricela@texemploymentlaw.com
Electronic mail:  aaron@texemploymentlaw.com

Counsel for Plaintiffs

## NOTICE OF CONSENT

I, _Armida Garcia_ hereby consent to become a party plaintiff in the lawsuit entitled *Armida Garcia, et al. v. ATAM MAC, Inc. dba Maid Brigade Inc., et al.* filed in the Northern District of Texas, Dallas Division, brought under the Fair Labor Standards Act to recover unpaid wages and overtime from ATAM MAC, Inc. dba. Maid Brigade and Angela D. McCall.

Date: **08-18-08**

_Armida Garcia_

EXHIBIT "A"

## NOTICE OF CONSENT

I, _____MARIA  AROS_____ hereby consent to become a party

plaintiff in the lawsuit entitled *Armida Garcia, et al. v. ATAM MAC, Inc. dba Maid Brigade Inc.,*

*et al.* filed in the Northern District of Texas, Dallas Division, brought under the Fair Labor

Standards Act to recover unpaid wages and overtime from ATAM MAC, Inc. dba. Maid Brigade

and Angela D. McCall.

Date: __08 - 15 / 08__          _____

EXHIBIT "B"

## NOTICE OF CONSENT

I, _Lesly Castejon_ hereby consent to become a party

plaintiff in the lawsuit entitled *Armida Garcia, et al. v. ATAM MAC, Inc. dba Maid Brigade Inc.,*

*et al.* filed in the Northern District of Texas, Dallas Division, brought under the Fair Labor

Standards Act to recover unpaid wages and overtime from ATAM MAC, Inc. dba. Maid Brigade

and Angela D. McCall.

Date: _8 - 18 - 008_          _Lesly castejan_

EXHIBIT "C"

## NOTICE OF CONSENT

I, _Sheila Castro_____ hereby consent to become a party

plaintiff in the lawsuit entitled *Armida Garcia, et al. v. ATAM MAC, Inc. dba Maid Brigade Inc.,*

*et al.* filed in the Northern District of Texas, Dallas Division, brought under the Fair Labor

Standards Act to recover unpaid wages and overtime from ATAM MAC, Inc. dba. Maid Brigade

and Angela D. McCall.


Date: _8 –18 –8_____          _Sheila Castro_____


EXHIBIT "D"

## NOTICE OF CONSENT

I, _Rosalva Garcia_ hereby consent to become a party plaintiff in the lawsuit entitled *Armida Garcia, et al. v. ATAM MAC, Inc. dba Maid Brigade Inc., et al.* filed in the Northern District of Texas, Dallas Division, brought under the Fair Labor Standards Act to recover unpaid wages and overtime from ATAM MAC, Inc. dba. Maid Brigade and Angela D. McCall.

Date: _8 - 18 - 08_          _Rosalva Garcia_

EXHIBIT "E"

## NOTICE OF CONSENT

I, _Sonia Garcia_ _____ hereby consent to become a party

plaintiff in the lawsuit entitled *Armida Garcia, et al. v. ATAM MAC, Inc. dba Maid Brigade Inc.,*

*et al.* filed in the Northern District of Texas, Dallas Division, brought under the Fair Labor

Standards Act to recover unpaid wages and overtime from ATAM MAC, Inc. dba. Maid Brigade

and Angela D. McCall.

Date: _8-18-08_ _____     _Sonia Garcia_ _____

EXHIBIT "F"

## NOTICE OF CONSENT

I, Maria Elena Martinez _____ hereby consent to become a party

plaintiff in the lawsuit entitled *Armida Garcia, et al. v. ATAM MAC, Inc. dba Maid Brigade Inc.,*

*et al.* filed in the Northern District of Texas, Dallas Division, brought under the Fair Labor

Standards Act to recover unpaid wages and overtime from ATAM MAC, Inc. dba. Maid Brigade

and Angela D. McCall.


Date: 8.19-08 _____        Maria Elena Martinez _____

EXHIBIT "G"

## NOTICE OF CONSENT

I, *marina montecinos* hereby consent to become a party

plaintiff in the lawsuit entitled *Armida Garcia, et al. v. ATAM MAC, Inc. dba Maid Brigade Inc.,*

*et al.* filed in the Northern District of Texas, Dallas Division, brought under the Fair Labor

Standards Act to recover unpaid wages and overtime from ATAM MAC, Inc. dba. Maid Brigade

and Angela D. McCall.


Date: 8- 18 008 _____   _marina montya_____


EXHIBIT "H"

## NOTICE OF CONSENT

I, _MARIA PANIAGUA_____ hereby consent to become a party plaintiff in the lawsuit entitled *Armida Garcia, et al. v. ATAM MAC, Inc. dba Maid Brigade Inc., et al.* filed in the Northern District of Texas, Dallas Division, brought under the Fair Labor Standards Act to recover unpaid wages and overtime from ATAM MAC, Inc. dba. Maid Brigade and Angela D. McCall.

Date: _08-18-08_____       _Maria Paniagua_____

EXHIBIT "I"

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET 08 CV 1494 - N

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff    Collin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Collin
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Maricela Siewczynski, Ramirez Siewczynski Law Firm
6318 Gaton Avenue Ste. 201, Dallas, Texas 75214

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        (U.S. Government Not a Party)

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
        Proceeding

☐ 2 Removed from
        State Court

☐ 3 Remanded from
        Appellate Court

☐ 4 Reinstated or
        Reopened

☐ 5 Transferred from
        another district
        (specify)

☐ 6 Multidistrict
        Litigation

☐ 7 Appeal to District
        Judge from
        Magistrate
        Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 201, et seq.

Brief description of cause:
Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
        UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
08/22/2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____