IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMIDA GARCIA, MARIA DEL REFUGIO AROS, LESLY CASTEJON, SHEILA CASTRO, ROSALVA GARCIA SONIA GARCIA, MARIA ELENA MARTINEZ, MARINA MONTESINO, MARIA PANIAGUA, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:08-CV-1494-N |
| v. | § § | Collective Action Complaint Jury Demanded |
| ATAM MAC INC. dba MAID BRIGADE and ANGELA D. MCCALL, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants ATAM MAC, Inc. dba Maid Brigade ("Maid Brigade") and Angela D. McCall ("McCall) (collectively, "Defendants") file this original answer to Plaintiffs' Original Complaint ("Complaint") and would show the court as follows:

### I. ANSWER TO COMPLAINT

To the extent Plaintiff has asserted any factual allegations in the headings of its Original Complaint, Defendants deny the allegations asserted in the headings. Pursuant to Federal Rule of Civil Procedure 8, Defendants answer the specific allegations of the Original Complaint by correspondingly numbered paragraphs as follows:

1. Defendants admit that Plaintiffs have asserted claims under the Fair Labor Standards Act ("FLSA"). Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint; therefore, same are denied.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint; therefore, same are denied.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint; therefore, same are denied.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint; therefore, same are denied.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint; therefore, same are denied.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint; therefore, same are denied.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint; therefore, same are denied.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint; therefore, same are denied.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint; therefore, same are denied.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint; therefore, same are denied.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. Defendants admit that Angela McCall is the President of Maid Brigade who resides in Texas and whose primary place of business is 910 East 18th Street, Suite A, Plano, Texas 75074. Defendants admit that McCall may be served at 910 East 18th Street, Suite A, Plano Texas 75074. Defendants deny the remaining allegations in paragraph 14 of the Complaint.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Defendants admit that Plaintiffs engaged in commerce. Defendants admit that Maid Brigade is an employer who engages in commerce and is governed by the FLSA. Defendants deny the remaining allegations in paragraph 16 of the Complaint. Also, to the extent the allegations in paragraph 16 of the Complaint give rise to any inference that Defendants have violated applicable law, such inference is denied.

17. Defendants admit the allegations in paragraph 17 of the Complaint.

18. Defendants admit that Maid Brigade is an employer within the meaning of § 3(d) of the FLSA. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19. Defendants admit that Maid Brigade has been an enterprise within the meaning of § 3(r) of the FLSA. Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20. Defendants admit that Maid Brigade has been an enterprise engaged in commerce within the meaning of § (s)(1) of the FLSA because it has had employees engaged in commerce. Defendants admit that Maid Brigade is an enterprise whose annual gross sales made or business done is not less that $500,000.00. Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21. Defendants admit the allegations in paragraph 21 of the Complaint.

22. Defendants admit that Maid Brigade is a maid service company that offers housekeeping services in Dallas, Plano, Richardson, Frisco, and Irving, Texas and that Maid Brigade employs people to perform housekeeping services for clients. Defendants deny the remaining allegations in paragraph 22 of the Complaint.

23. Defendants admit that Plaintiffs were Maid Brigade's full-time, non-exempt employees. Defendants deny the remaining allegations in paragraph 23 of the Complaint.

24. Defendants admit that as non-exempt employees, Plaintiffs were entitled to be paid at a rate of at least $5.15 per hour before July 24, 2007 and $5.85 per hour after that date and overtime pay of one and a half their hourly rate. Defendants admit that Plaintiffs were paid a portion of the fee that Maid Brigade collected from its clients for cleaning services. Defendants deny the remaining allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants admit the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

There is an apparent error in the numbering of Plaintiffs' Complaint. However, pursuant to Federal Rule of Civil Procedure 8, Defendant will continue to answer with correspondingly numbered paragraphs.

14. Defendants hereby incorporate their responses to paragraphs 1-35 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants hereby incorporate their responses to paragraphs 1-35 and 14-21 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants make no response to the allegation in paragraph 25 of the Complaint. To the extent a response is required, Defendants deny the allegations in paragraph 25.

26. Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint. Specifically, Defendants deny that Plaintiffs are entitled to any of the relief set forth in paragraph 26 of the Complaint.

27. Defendants expressly deny the allegations not specifically admitted herein.

## II. AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims should be dismissed because all amounts owed by Defendants to Plaintiffs have been paid or otherwise satisfied.

4. All the actions taken by Defendants with regard to Plaintiffs and/or those of the purported class were based on good faith and on reasonable grounds for believing their acts or omissions were in conformity with applicable law.

5. All employment actions taken with respect to Plaintiffs are based on legitimate, non-retaliatory business reasons.

6. Plaintiffs' alleged damages are too speculative to be permitted.

7. Plaintiffs' and/or the putative class members are not similarly situated.

For these reasons, Defendants request that the Court:

a. dismiss Plaintiffs' claims with prejudice;

b. enter final judgment that Plaintiffs take nothing; and,

c. award Defendant its cost of court, attorneys' fees, and such other relief as may be just and appropriate.

Dated: October 27, 2008

Respectfully submitted,

/s/ Carrie B. Hoffman
Carrie B. Hoffman
Texas State Bar No. 00787701
Michele C. Spillman
Texas State Bar No. 24046889
GARDERE WYNNE SEWELL LLP
1601 Elm Street
Suite 3000
Dallas, Texas 75201
(214) 999-3000

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on October 27, 2008, a copy of the foregoing document was served on designated counsel of record via the Court's electronic filing system.

/s/ Carrie B. Hoffman
Carrie B. Hoffman